Chris H. Stewart, Esq. Stewart Law Firm Comcast Building 1020 West 4th Street, Suite 400 Little Rock, Arkansas 72201
Dear Mr. Stewart:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed constitutional amendment. You have previously submitted a similar measure, which this office rejected due to ambiguities in the text of your proposed amendment. See Op. Att'y Gen. No. 2009-074. You have made changes in the text of your proposal since your last submission and have now submitted the following proposed popular name and ballot title for my certification:
 Popular Name AN AMENDMENT CONCERNING THE SECRECY OF INDIVIDUAL VOTES FOR EMPLOYEE REPRESENTATION Ballot Title A PROPOSED AMENDMENT TO THE ARKANSAS CONSTITUTION TO PRESERVE AND PROTECT THE SECRECY OF INDIVIDUAL VOTES CAST IN ELECTIONS OR AUTHORIZATIONS OR DESIGNATIONS OF PUBLIC AND PRIVATE EMPLOYEE REPRESENTATION REQUIRED BY STATE OR FEDERAL LAW SHALL BE BY SECRET BALLOT *Page 2 
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neithercertification nor rejection of a popular name and ballot title reflectsmy view of the merits of the proposal. This Office has been given noauthority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law." Kurrus v. Priest, 342 Ark. 434,29 S.W.3d, 669 (2000); Donovan v. Priest, 326 Ark. 353, 931 S.W.2d 119
(1996); and Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that thepopular name and ballot title honestly, intelligibly, and fairly setforth the purpose of the proposed amendment or act. See Arkansas Women'sPolitical Caucus v. Riviere, 283 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. *Page 3 Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v. Riviere,270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall,supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to ambiguities in the text of your proposed measure. A number of additions or changes to your popular name and ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following ambiguities:
 1. The ambiguities listed in my previous response in Op. Att'y Gen. No. 2009-074 are still present in your current submission. I will avoid echoing my previous response to your submission. I will note, however, that the coinage "individual votes cast in elections *Page 4 
or authorizations or designations of public and private employee representation" remains vague to the point that a reasonable voter would not perceive the issues it is apparently designed to raise.
 Indeed, in at least one respect, your current submission is even more confusing than your original submission. In the proposal to which I responded in Opinion No. 2009-074, you provided, in part, that the right to participate by secret ballot in "elections for public office or ballot measures" would be guaranteed — a guarantee that I pointed out was already memorialized in Ark. Const. amend. 50, rendering your proposed amendment redundant at best. Apparently in response to my previous opinion, you have now dispensed with any reference to "elections for public office or ballot measures." Instead, you have included a new reference to "elections" in the apparently exclusive context of "public and private employee representation." I am unable to determine why you have added "elections" to what you previously submitted as "designations or authorizations for employee representation." What, if anything, is the distinction among the three categories of "elections," "designations" and "authorizations"? A reasonable voter is unlikely to perceive any, and he would be all the less likely to perceive that your proposed measure is apparently intended to require secret voting in elections to authorize a union to act as the agent of employees for purposes of collective bargaining. My charge is not to offer editorial advice, but you must understand that I cannot summarize in a ballot title a measure that fails to advise the voters what the measure intends to achieve.
 2. As previously noted in Opinion No. 2009-074, "both your proposed measure and your proposed ballot title, which tracks the measure virtually verbatim, fail to disclose what can only be described as an `essential fact which would give the voter serious ground for reflection,' Bailey [v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994)], supra . . . — namely, that if the amendment were indeed interpreted as designed to encroach on the federal scheme regulating labor relations, it very well may be preempted by federal law and will almost certainly result in litigation *Page 5 
designed to resolve that issue." Should you elect to resubmit you proposed measure, please consider and respond to my previous comments.
 3. I will further note that the average voter will almost assuredly not understand what you mean by your reference to "public and private employee representation required by state or federal law." As I noted in response to your previous submission, if you mean to impose a constitutional requirement that a union can serve as the employees' representative for purposes of collective bargaining only upon being designated to do so by secret election, you need to say so plainly enough for a reasonably intelligent voter to understand. Again, the coinage "elections or authorizations or designations of public and private employee representation" is numbing to the point that the average voter would in all likelihood not grasp its express (if any) or implied meaning. I am consequently unable to summarize your proposed measure in a ballot title.
 4. I feel obliged to point out that both your ballot title and your measure are ambiguous in that they leave unclear in what respect, if any, you intend to amend existing law. As noted above, the text of your measure, which is echoed in your proposed ballot title, provides: "The secrecy of individual votes cast in elections or authorizations or designations of public and private employee representation required by state or federal law shall be by secret ballot." The redundant formulation providing that "[t]he secrecy of individual votes . . . shall be by secret ballot" appears based on an assumption that the "secrecy of individual votes" is already guaranteed, whether "by state or federal law." This impression is only reinforced by the fact that your proposed ballot title describes your proposed amendment as designed "to preserve and protect the secrecy of individual votes" — a formulation that clearly suggests that "the secrecy of individual votes" is already an operative principle. If any such guarantee of secrecy exists, it would be a mere redundancy to mandate that otherwise legally required secret voting be by secret vote. I cannot summarize *Page 6 
your proposed measure if you fail to clarify how it impacts, if at all, on existing law.
 To summarize, if you mean to propose that a requirement of secret voting should apply in all instances in which public or private employees determine whether to designate a union as their agent for purposes of collective bargaining, then you must say so in a manner that the average voter can understand. As drafted, your measure is unclear regarding what it intends to achieve — a fact that forecloses me from approving or editing the ballot title.
 I will reiterate in closing that I am not opining on whether the National Labor Relations Act would preempt what may or may not be your effort to regulate the field of labor relations. As I have previously noted, the question of what law applies may be addressed in the future in another forum. See Opinion No. 2009-074. What matters for the moment, however, is both that your proposed measure is unclear and that it might have legal implications that, if disclosed, would give a voter "serious ground for reflection," Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81
(1936). These facts in themselves oblige me to reject your proposed ballot title. Stated simply, I am unable in a revised ballot title to summarize what legal proposition you mean to advance and what change, if any, you mean to make in existing law.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal. *Page 7 
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law.See, e.g., Finnv. McCuen, 303 Ark. 418,793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v.Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed popular name and ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure, popular name and ballot title. See A.C.A. § 7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted popular name and ballot title may be necessary. I will perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:JHD/cyh *Page 1